# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ALAN BREVALDO,

    Plaintiff,

v.                                     Civil Action 2:18-cv-446
                                       Judge James L. Graham
                                       Magistrate Judge Jolson

MUSKINGUM COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 13) and Plaintiff's Motion for Discovery (Doc. 15). For the reasons that follow, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff be **GRANTED** thirty (30) days in which to file an amended complaint. Plaintiff's Motion for Discovery is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff is an inmate at Ross Correctional Institution. (Doc. 8 at 3). Prior to his incarceration at Ross Correctional Institution, he was detained at the Muskingum County Jail (the "Jail"). (*See generally* Doc. 8-1). Plaintiff alleges that a number of correctional officers at the Jail physically assaulted him on at least five separate occasions. (*Id.* at 1–5). With one exception, the Jail's staff allegedly denied Plaintiff medical treatment after each assault. (*Id.*). Plaintiff has submitted photos of his alleged injuries after one of these assaults. (*See id.* at 6–8). As a result of the alleged actions of the Jail's staff, Plaintiff states that he was subject to excessive force, cruel and unusual punishment, torture, inadequate medical treatment, and emotional distress. (*Id.* at 9).

On May 7, 2018, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 1). The Court granted Plaintiff's Motion in an Order (Doc. 7) dated June 14, 2018, and the Complaint (Doc. 8) was docketed the same day. Plaintiff sued the Muskingum County Sheriff's Office in its official capacity and Captain Dave Suciu in his individual capacity under 42 U.S.C. § 1983 for alleged violations of Plaintiff's Eighth Amendment rights. (*Id.* at 3).

Defendants filed their Motion to Dismiss for Failure to State a Claim on September 17, 2018. Plaintiff filed a Response in Opposition (Doc. 14) on September 28, 2018, and Defendants filed a Reply (Doc. 16) on October 10, 2018. While the parties briefed the Motion to Dismiss, Plaintiff also filed a Motion for Discovery (Doc. 15), requesting that Defendants provide him with video recordings, medical records, grievances, a policies and procedures manual, and reports relating to excessive force and inmate mistreatment. The Motions are now ripe for resolution.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Id*. at 57. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).

On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed

factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. DISCUSSION

### A. Muskingum County Sheriff's Office

Defendants argue that the Muskingum County Sheriff's Office (the "Sheriff's Office") should be dismissed from the lawsuit because it is not an entity capable of being sued. (Doc. 13 at 2 (collecting cases)). Even if Plaintiff had properly sued Muskingum County, Defendants maintain that he has failed to state a plausible claim pursuant to *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). (Doc. 13 at 3–4). In their view, Plaintiff has failed to allege that a Muskingum County "custom, policy, or practice" was the cause of any violation of Plaintiff's rights. (*Id.*).

In response, Plaintiff appears to concede that the Sheriff's Office[1] is not a proper defendant. (*See* Doc. 14 at 3 ("A sheriff's office or sheriff's department is a sub-unit of the county it serves. A sheriff's office has no independent legal standing to sue or be sued and is not a proper defendant in a § 1983 case.")) Further, he appears to concede that he "does not attribute [the] alleged unconstitutional acts to any policy or procedure of Muskingum County as we have not as yet filed for a motion of discovery and requested the policy and procedure manuals to submit for proof of violations." (*Id.* at 1).

---

[1] Throughout his Response, Plaintiff uses the terms "Muskingum County," "Muskingum County Sheriff's Office," and "Muskingum County Jail" interchangeably. (*See generally* Doc. 13). In his Complaint, Plaintiff clearly identified the Muskingum County Sheriff's Office as a defendant. (*See* Doc. 8 at 3).

Nonetheless, Plaintiff argues that "Muskingum County has a history of abusing its powers." (*Id.* at 5). According to him, the alleged actions of Defendants in this matter "resulted in a tacit, de facto approval and th[is] shows a custom of Correctional Officers behavior that resulted in multiple incidents that result in violations of [Plaintiff's] civil rights." (*Id.* at 3). Plaintiff argues that the Sheriff's Office "has [a] history of ignoring or refusing to take action [which] may be used to reinforce the claim of a pattern or custom of practice against residents in this county who have a history of drug abuse or mental illness." (*Id.* at 4).

"Municipalities are not vicariously liable in § 1983 actions merely because they employ someone who has committed a constitutional violation." *Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 994 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 738, 199 L. Ed. 2d 605 (2018) (citing *Monell*, 436 U.S. at 694). "They must pay for violations only if the injury is caused by a municipal custom or policy, or if the city's failure to train employees amounts to deliberate indifference to constitutional rights." *Arrington-Bey*, 858 F.3d at 994 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "A 'policy' is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Shorts v. Bartholomew*, 255 F. App'x 46, 57 (6th Cir. 2007) (collecting cases). Alternatively, a "custom" "must be so permanent and well settled" that it has the "force of law" and needs no formal approval. *Doe v. Claiborne Cty.*, 103 F.3d 495, 507–08 (6th Cir. 1996) (citation and internal quotation marks omitted).

Where, as here, a "municipality's alleged responsibility for a constitutional violation stems from an employee's unconstitutional act, [its] failure to prevent the harm must be shown to be deliberate under 'rigorous requirements of culpability and causation.'" *Arrington-Bey*, 858 F.3d at 995 (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410–11 (1997)).

4

Ultimately, this requires a plaintiff to demonstrate a "direct causal link" between the custom or policy and the alleged constitutional violation. *Claiborne Cty.*, 103 F.3d at 508 (citation omitted).

As an initial matter, Defendants are correct that the Sheriff's Office is not a proper defendant in this action. *See Ebbing v. Butler Cty., Ohio*, No. 1:09-CV-00039, 2010 WL 596470, at *6 (S.D. Ohio Feb. 16, 2010) (collecting cases) ("Ohio and federal courts agree that a county sheriff's department is not sui juris."). However, "[p]ro se complaints," like Plaintiff's here, "are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). The Court therefore interprets Plaintiff's claim against the Sheriff's Office as a claim against Muskingum County. *See Luqman v. Hamilton Cty. Sheriff's Dep't*, No. 1:17-CV-527, 2017 WL 4993426, at *2 (S.D. Ohio Sept. 5, 2017), *report and recommendation adopted*, No. 1:17-CV-527, 2017 WL 5028873 (S.D. Ohio Oct. 30, 2017) ("Plaintiff's claims against the Hamilton County Sheriff's Department are in reality official capacity claims against Hamilton County, the entity of which defendant Hamilton County Sheriff's Department is an agent.").

The question left to the Court is whether Plaintiff has alleged sufficient factual content to establish that he was injured as a result of a Muskingum County custom or practice. A review of the Complaint demonstrates that he has not. A plaintiff can establish the existence of an illegal policy or custom by reference to "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Here, Plaintiff alleges that a number of correctional officers at the Muskingum County Jail physically assaulted him on at least five separate occasions during his detention there. (Doc. 8-1 at 1–5). But he does

not allege that any of these assaults were the result of a Muskingum County custom or policy. (*See id.*). Absent such allegations, Plaintiff's claims against Muskingum County cannot proceed. *See Arrington-Bey*, 858 F.3d at 994.

Plaintiff's arguments to the contrary are unpersuasive. The Court first notes that Plaintiff concedes that his Complaint does not contain any allegations that the alleged constitutional violations were a result of a Muskingum County custom or policy. (*See* Doc. 14 at 2 ("Plaintiff generally alleges that he was assaulted by correctional staff on [multiple occasions] and then denied medical treatment. Relevant to this Motion, Plaintiff does not attribute these alleged unconstitutional acts to any policy or procedure of Muskingum County as we have not as yet filed a motion for discovery and requested the policy and procedure manuals to submit for proof of violations." (internal citation omitted))). At this stage of proceedings, Plaintiff was required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The fact that he has not had the opportunity to conduct discovery does not excuse his failure to comply with this requirement.

Nor can Plaintiff proceed with his claim against Muskingum County based on conclusory statements in his Response. The Court, in evaluating a motion to dismiss, is "limited to the complaint and the exhibits attached thereto." *Jones v. Bergman*, No. 1:08–cv–599, 2009 WL 3270003, at *2 (W.D. Mich. Oct. 8, 2009) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Plaintiff's vague assertions in his Response regarding Muskingum County customs and policies are unsupported by any allegations in the Complaint. Therefore, Plaintiff's claim against Muskingum County should be dismissed without prejudice.

### B. Captain David Suciu

Plaintiff's claims against Defendant Captain David Suciu ("Suciu") should be dismissed for similar reasons. As Defendants emphasize, "Plaintiff fails to allege any facts demonstrating that Captain Suciu was personally involved in any alleged constitutional violation. Indeed, Captain Suciu's name does not appear anywhere in the Complaint's recitation of facts." (Doc. 13 at 5).

Plaintiff responds that, although his Complaint does not mention Defendant Suciu, "as a superior and head of the Muskingum County Jail, Captain Dave Suciu had knowledge of these attacks and did not intervene or prevent further assaults from occurring." (Doc. 14 at 2–3. *See also id.* at 5–6 ("Plaintiff did fail to specifically name Captain Suciu in this initial filing. However, Captain Suciu was personally involved in constitutional violations as he did not provide sufficient safety for the inmate based on" a number of Ohio statutes)).

"To prevail on a cause of action under § 1983, a plaintiff must prove (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (citation and internal quotation marks omitted). State actors may be sued in their official or individual capacity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). The purpose of an individual capacity suit is "to impose personal liability upon a [state actor] for actions he takes under color of state law." *Id.* at 165. A plaintiff bringing an individual capacity suit "must plead that each [state actor] defendant, through the [person]'s own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). *See also Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citations omitted) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."). As a result, even if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory

official unless the supervisor "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634–35 (6th Cir. 2013) (citation and internal quotation marks omitted). Thus, "[a]llegations of *respondeat superior* do not sustain a § 1983 claim against state employees in their individual capacities." *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010).

Plaintiff's claims against Defendant Suciu do not satisfy this standard. As Plaintiff acknowledges, (Doc. 14 at 2, 5), the Complaint contains no allegations regarding Defendant Suciu, (*see generally* Doc. 8). Plaintiff does not allege that Defendant Suciu assaulted him. Nor does he allege that Defendant Suciu "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate[s]," *Top Flight Entm't*, 729 F.3d at 634–35 (citation and internal quotation marks omitted). While Plaintiff has alleged that individual guards at the Jail engaged in potentially unconstitutional behavior, his Complaint does not contain allegations of any unconstitutional behavior on the part of Defendant Suciu.

Instead, Plaintiff represents in his Response that Defendant Suciu had knowledge of the alleged assaults and did not intervene or prevent them, (Doc. 14 at 2–3), and that Defendant Suciu "sets a precedent as to the environment and culture of the work force with the jail and condones the correctional officers [sic] tactics and violation of inmates civil rights," (*id.* at 5). But these conclusory statements in Plaintiff's Response are unsupported by any allegations in the Complaint. (*See generally* Doc. 8). As previously noted, in evaluating Defendants' Motion to Dismiss, the Court is limited to the allegations in Plaintiff's Complaint and the exhibits attached thereto. Because the Complaint does not contain allegations that Defendant Suciu engaged in unconstitutional behavior, the claim against him in his individual capacity should be dismissed without prejudice. *See Iqbal*, 556 U.S. at 676; *Heyerman*, 680 F.3d at 647.

### C. Leave to Amend

Although the undersigned concludes that Plaintiff's allegations, as currently constituted, fail to state a claim upon which relief can be granted, the better course is to allow Plaintiff an opportunity to add plausible allegations. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (citations, alterations, and internal quotation marks omitted)); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) ("Generally, . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." (citation omitted)); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) ("[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). As such, it is **RECOMMENDED** that Plaintiff be **GRANTED** thirty (30) days from the date of an Order adopting this recommendation in which to file an amended complaint.

### D. Motion for Discovery (Doc. 15)

Given the current posture of this case, Plaintiff's Motion for Discovery is **DENIED AS MOOT**.

### IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 13) be **GRANTED** and that Plaintiff be **GRANTED** thirty (30) days from the date of an Order adopting this recommendation in which to file an amended complaint. Additionally, Plaintiff's Motion for Discovery (Doc. 15) is **DENIED AS MOOT**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: November 6, 2018

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE