```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Alan Brevaldo,

    Plaintiff,

    v.                          Case No. 2:18-cv-446

Muskingum County Sheriff's
Office, et al.,

    Defendants.

## OPINION AND ORDER

In his original complaint filed under 42 U.S.C. §1983, Alan Brevaldo, an inmate at the Southern Ohio Correctional Facility, asserted claims against the Muskingum County Sheriff's Office and Captain Dave Suciu. The court granted defendants' motion to dismiss but permitted plaintiff to file an amended complaint. In his amended complaint filed on November 13, 2018, plaintiff asserted claims against Muskingum County, Ohio, and nine employees of the Muskingum County Sheriff's Department, specifically: Captain Dave Suciu, Sergeant Lang, Sergeant Winters, and Corrections Officers Martin, Smith, Hanning, Hartman, Fuller, and Patterson. The Muskingum County Sheriff's Office was not named as a defendant in the amended complaint. Plaintiff alleges that while he was incarcerated in the Muskingum County Jail from late 2017 through early 2018, he was involved in at least five physical altercations with the defendants. He asserts claims alleging the use of excessive force, deliberate indifference to his serious medical needs, denial of access to courts, and unlawful conditions of confinement.

On January 17, 2020, the magistrate judge filed a report and recommendation on the parties' cross-motions for summary judgment.

The magistrate judge recommended that plaintiff's motion for summary judgment be denied. The magistrate judge further recommended denying defendants' motion for summary judgment on plaintiff's claims alleging the use of excessive force by Martin and Smith on January 13, 2018, the use of excessive force by Winters on January 15, 2018, and the use of excessive force by Fuller, Lang and Hartman on January 16, 2018. The magistrate judge recommended granting summary judgment in favor of the defendants on all of the other claims brought by plaintiff. This matter is now before the court on the parties' objections to the report and recommendation.

I. Standards of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A party asserting that a fact cannot be or is genuinely disputed must

support the assertion by citing to particular parts of materials in the record, by showing that the materials cited do not establish the absence or presence of a genuine dispute, or by demonstrating that an adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(A) and (B).  In considering a motion for summary judgment, this court must draw all reasonable inferences and view all evidence in favor of the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Am. Express Travel Related Servs. Co. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011).

II. Plaintiff's Objections

Plaintiff states that he would like to proceed with the claims against Martin, Winters, Fuller, Lang, and Hartman.  Plaintiff's comments in that regard are not objections to the report and recommendation, as the magistrate judge concluded that the use of excessive force claims against those defendants should survive.

Plaintiff also argues that he should be permitted to proceed on his claim against Captain Suciu on the theory of vicarious liability.  The magistrate judge correctly noted that a §1983 claim against a supervisory official fails unless the supervisor implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. Doc. 65, p. 5 (citing Top Flight Entm't, Ltd., v. Schuette, 729 F.3d 623, 634-35 (6th Cir. 2013)).  The magistrate judge concluded that the fact that Captain Suciu knew about the alleged assaults on plaintiff after the fact is not sufficient to show that he authorized this conduct.  The court agrees with the magistrate judge's conclusion that plaintiff cannot proceed with an excessive use of force claim

3

against Captain Suciu on the theory of respondeat superior.

The magistrate judge also recommended granting summary judgment in favor of Captain Suciu on plaintiff's claim of denial of access to courts.  The magistrate judge noted that although there was some evidence that Captain Suciu was personally involved in denying plaintiff telephone calls, mail and legal materials, plaintiff offered no evidence that he suffered an actual injury as a result of Captain Suciu's actions.  Actual injury is a necessary element of a claim for interference with access to the courts. See Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005).  The court agrees that Captain Suciu is entitled to summary judgment on plaintiff's denial of access to courts claim.  This objection is denied.

III. Defendants' Objections

A. Dismissal of Defendant Zackery Smith

In their first objection, defendants note the May 28, 2019, suggestion of the death of Zackery Smith, and argue that the magistrate judge should have dismissed that defendant pursuant to Fed. R. Civ. P. 25(a)(1).

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Defendants acknowledge that no mention of the notice of death was made in their motion for summary judgment because the 90-day period referred to in Rule 25(a)(1) had not yet run.  Because no motion to dismiss had been filed when the

4

magistrate judge issued her report and recommendation, she did not address this issue, nor should she have been expected to do so. Technically, this argument should have been raised in a motion to dismiss rather than asserted as an objection to the report and recommendation. However, the court will construe this objection as a motion to dismiss and will address it as such.

The notice of death was filed on May 28, 2019, and no motion for substitution has been filed. Thus, dismissal of the claim against Smith is required under Rule 25(a)(1). The court also notes that in his response to the report and recommendation, plaintiff stated that he "is willing to dismiss the claim against Officer Smith as he is deceased and does not want to cause any more distress on his family." Doc. 67, pp. 1-2. Therefore, defendants' motion to dismiss the claim against Smith is granted.

B. Claim Against Defendant Winters

Defendants object to the recommendation of the magistrate judge that their motion for summary judgment on plaintiff's claim of the use of excessive force asserted against Sergeant Winters be denied. A claim of excessive force in violation of the Eighth Amendment includes both an objective and a subjective component. Rafferty v. Trumbull Cty., Ohio, 915 F.3d 1087, 1094 (6th Cir. 2019). The objective component requires the pain inflicted to be sufficiently serious. Id. This inquiry is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The subjective component requires that the prison official act with a sufficiently culpable state of mind. Rafferty, 915 F.3d at 1094. In analyzing this component, courts ask "whether

5

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors include: (1) the extent of injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Id.

The January 15, 2018, incident involving Sergeant Winters began with plaintiff's unauthorized use of the phone in the booking area. Correctional staff observed plaintiff sitting on a bench using the phone, and instructed him to get off the phone. Winters approached plaintiff and attempted to take the phone away from him. Winters pulled plaintiff off the bench onto the floor, and other staff assisted Winters in restraining plaintiff. The officers then put plaintiff in a restraint chair.

Plaintiff testified in his deposition that Winters tackled him to the ground and punched him in the face multiple times in the face until he blacked out. Doc. 41, p. 42. Plaintiff further stated that Winters punched him three to six times, and that someone kicked him. Doc. 41, pp. 45-46. Plaintiff testified that after he blacked out, he was placed in a restraint chair. In contrast, Winters stated in his affidavit that he told plaintiff twice to hang up the phone. Doc. 39-9, ¶¶ 9-10. Winters stated that when he tried to take the phone out of plaintiff's hand, plaintiff pulled away, and he pulled plaintiff onto the floor. Winters stated that while plaintiff was resisting, Winters "gave him a tactical knee strike in the midsection of his right side."

6

Doc. 39-9, ¶ 16. Winters then placed plaintiff in handcuffs, and placed him in a restraint chair. Doc. 39-9, ¶¶ 17-18.

Defendants rely on two video tapes which have been presented in evidence. They claim that these videos corroborate the version of the incident offered by Winters, and that the court should not consider plaintiff's version of the facts as barring summary judgment, citing Scott v. Harris, 550 U.S. 372, 380 (2007) and Green v. Throckmorton, 681 F.3d 853, 859 (6th Cir. 2012).

The magistrate judge addressed the video evidence in the report and recommendation and concluded that the type and amount of force defendants used in subduing plaintiff was not clear from the videos. This court agrees. The evidence is sufficient to raise a genuine dispute of fact as to the use of excessive force by defendant Winters, and this objection is denied.

IV. Conclusion

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 65). Plaintiff's motion for summary judgment (Doc. 43) is denied. Defendant's motion to dismiss Zackery Smith as a party is granted. Defendants' motion for summary judgment (Doc. 39) is denied in regard to the use of excessive force claims against Martin (relating to his alleged actions on January 13, 2018), Winters (regarding his alleged actions on January 15, 2018), and Fuller, Lang and Hartman (relating to their alleged actions on January 16, 2018). Defendants' motion for summary judgment is granted as to all other claims against the defendants. The clerk is directed to terminate the Muskingum County Sheriff's Department, Muskingum County, Ohio, Captain Dave Suciu, and Corrections Officers Smith, Hanning and

7

Patterson as parties.

Date: November 6, 2020                    s/James L. Graham
                                                       James L. Graham
                                                       United States District Judge